IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MITCHELL REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:23-cv-61-ECM |
| | ) [WO] |
| CONN'S, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On July 29, 2024, the Defendants filed a suggestion of bankruptcy to inform the Court that the Defendants commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas. (Doc. 55). Two days later, the Court stayed this litigation pursuant to 11 U.S.C. § 362. (Doc. 56). During the stay, the parties filed periodic status reports regarding the bankruptcy proceedings. (*See, e.g.*, docs. 57, 60, 61, 64). On September 25, 2025, the parties informed the Court that "[t]he [b]ankruptcy has concluded, and a confirmed Chapter 11 Plan has been entered."[1] (Doc. 67 at 1). The Court ordered the parties to file a joint status report addressing the "'Confirmed Plan' and its impact on this case." (Doc. 68 at 2, para. 2).

In response, the Defendants moved to dismiss the case "with prejudice" citing "§[§] 105(a), 524, 1123, 1129, and 1141 of the Bankruptcy Code, the Confirmation Order,

---

[1] The Court refers to the confirmed Chapter 11 Plan as "the Confirmed Plan."

and Article IX.D of the [Confirmed] Plan." (Doc. 69 at 4, para. 12).  The Plaintiff does not oppose dismissal, "as long as it is without prejudice." (Doc. 72 at 2, para. 4).  First, the Court discusses whether this case should remain stayed.  Next, the Court examines the Defendants' motion to dismiss.  For the reasons stated below, the stay of this case is due to be LIFTED, and the Defendants' motion to dismiss is due to GRANTED in part, to the extent that the Plaintiff's remaining claims will be dismissed without prejudice.

## II.  DISCUSSION

### A.  Existing Stay

The filing of a bankruptcy petition "triggers an automatic stay" which "halts judicial, administrative, and other actions or proceedings . . . against [a] debtor." *In re Patel*, 142 F.4th 1313, 1320 (11th Cir. 2025); *see also* 11 U.S.C. § 362(a).  The Defendants contend that "the automatic stay pursuant to [§] 362 of the Bankruptcy Code terminated, or [became] otherwise inapplicable" because of the Confirmed Plan. (Doc. 69 at 5, para. 15).  The Plaintiff fails to address the applicability of the automatic stay.

Under the Bankruptcy Code, the confirmation of a plan "discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A).  Further, the Bankruptcy Code "provide[s] that confirmation of the plan discharges the debtor, and that discharge of the debtor lifts the automatic stay." *See United States v. White*, 466 F.3d 1241, 1245 (11th Cir. 2006).  Thus, because the parties are subject to the Confirmed Plan, the automatic stay of this case is due to be LIFTED.

2

B.  **Motion to Dismiss**

On July 31, 2025, the Confirmed Plan became effective. (Doc. 69 at 4, para. 11). Again, under the Bankruptcy Code, a Confirmed Plan discharges the debtor from "debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A). "A discharge order 'operates as an injunction' that bars creditors from collecting any debt that has been discharged." *Taggart v. Lorenzen*, 587 U.S. 554, 558 (2019); *see also* 11 U.S.C. § 524(a)(2). Accordingly, the Defendants argue a "permanent [Confirmed] Plan injunction remains in place prohibiting any actions against . . . the . . . [Defendants] for claims arising on or before the [e]ffective [d]ate." (Doc. 69 at 4, para. 11). In turn, the Defendants contend that the Plaintiff's claims should be dismissed with prejudice.

In response, the Plaintiff notes that he "made numerous attempts to contact an administrator for [his] pending [b]ankruptcy [c]laim and has contacted . . . the third[-]party vendor administrating the Chapter [Eleven] Bankruptcy." (Doc. 72 at 1, para. 3). The Plaintiff seeks to preserve his right to "refile h[is] claims" because he "await[s] . . . [additional] information regarding [the] distribution of h[is] claim." (*Id.* at 2, para. 4). Noticeably absent from the Plaintiff's submission is any discussion of the Confirmed Plan, the applicability of the Bankruptcy Code, the Defendants' arguments for dismissal, or the Confirmed Plan's injunction.

As a result of the Confirmed Plan, the Plaintiff is likely permanently enjoined from refiling this action to recover from the Defendants. Moreover, the Plaintiff's claims are substantially similar to those levied in a separate suit filed in this Court against Defendant Conn's, Inc., which were dismissed without prejudice under like circumstances. (*See* doc.

3

67 at 2 in 2:22-cv-722-RAH) ("The bankruptcy court is best positioned to determine if [the] Plaintiff's employment-related claims against Defendant, if resubmitted through a proof of claim or adversary proceeding filed in the bankruptcy proceeding, are timely or enjoined by the passage of the claims bar date or other provisions of the Bankruptcy Code."). Here, the Plaintiff consents to dismissal without prejudice. (Doc. 72 at 2, para. 4). Accordingly, in the spirit of judicial economy and consistency, the Court exercises its discretion to dismiss this action without prejudice.

### III. CONCLUSION

For the reasons stated above, and for good cause, it is

ORDERED as follows:

1. The stay of this case (doc. 56) is LIFTED.

2. The Defendants' motion (doc. 69) is GRANTED to the extent they seek dismissal of this case, but DENIED to the extent the Defendants seek dismissal with prejudice.

3. This case is DISMISSED without prejudice.

4. All pending motions are DENIED as moot, and all pending deadlines and hearings are terminated.

5. The Clerk of the Court is DIRECTED to close this case.

DONE this 11th day of February, 2026.

    /s/ Emily C. Marks  
EMILY C. MARKS  
UNITED STATES DISTRICT JUDGE